UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICK WOLLENWEBER, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| Plaintiff, | | No._____ |
| v. | | JURY TRIAL DEMANDED |
| ARM AUTOMATION, INC., | | |
| Defendant. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Patrick Wollenweber (referred to as "Plaintiff" or "Wollenweber") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Arm Automation, Inc. (referred to as "Defendant" or "Arm Automation"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Wollenweber's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To

achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Arm Automation violated the FLSA by employing Wollenweber and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Arm Automation violated the FLSA by failing to maintain accurate time and pay records for Wollenweber and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Wollenweber brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Wollenweber resides in the Austin Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Wollenweber's claims occurred in the Austin Division of the Western District of Texas.

### III.  Parties

8. Patrick Wollenweber is an individual who resides in Travis County, Texas and who was employed by Arm Automation during the last three years.

9. Arm Automation, Inc. is a Texas corporation that may be served with process by serving its registered agent: Joseph W. Geisinger, at 14121 West Highway 290, Building 4, Austin, Texas 78737. Alternatively, if the registered agent of Arm Automation cannot with reasonable diligence be found at the company's registered office, Arm Automation may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Arm Automation committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Arm Automation or was done in the routine and normal course and scope of employment of Arm Automation's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. Arm Automation designs, builds and supports custom automated manufacturing solutions for a variety of industries; it does business in the territorial jurisdiction of this Court.

12.     Arm Automation employed Wollenweber as an engineer from December 2014 to October 2015.

13.     As an engineer, Wollenweber was responsible for troubleshooting mechanical equipment and making minor repairs, using schematics to assemble equipment, building maintenance, etc.

14.     During Wollenweber's employment with Arm Automation, he was engaged in commerce or the production of goods for commerce.

15.     During Wollenweber's employment with Arm Automation, the company had employees engaged in commerce or in the production of goods for commerce.

16.     During Wollenweber's employment with Arm Automation, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

17.     During Wollenweber's employment with Arm Automation, the company had an annual gross volume of sales made or business done of at least $500,000.

18.     Arm Automation paid Wollenweber on a salary basis.

19.     During Wollenweber's employment with Arm Automation, he regularly worked in excess of forty hours per week.

20.     Arm Automation knew or reasonably should have known that Wollenweber worked in excess of forty hours per week.

21. Arm Automation did not pay Wollenweber overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Instead, Arm Automation paid Wollenweber a fixed sum of money regardless of the number of hours he worked.

23. Arm Automation knew or reasonably should have known that Wollenweber was not exempt from the overtime provisions of the FLSA.

24. Arm Automation failed to maintain accurate time and pay records for Wollenweber as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25. Arm Automation knew or showed a reckless disregard for whether its pay practices violated the FLSA.

26. Arm Automation is liable to Wollenweber for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27. All engineers employed by Arm Automation are similarly situated to Wollenweber because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Arm Automation pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

28. Wollenweber adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

29. During Wollenweber's employment with Arm Automation, he was a nonexempt employee.

30. As a nonexempt employee, Arm Automation was legally obligated to pay Wollenweber "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

31. Arm Automation did not pay Wollenweber overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

32. Instead, Arm Automation paid Wollenweber a fixed sum of money regardless of the number of hours he worked.

33. If Arm Automation classified Wollenweber as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

34. Arm Automation knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Arm Automation willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

35. Wollenweber adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

37. In addition to the pay violations of the FLSA described above, Arm Automation also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

38. Wollenweber adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

39. On information and belief, other employees have been victimized by Arm Automation's violations of the FLSA identified above.

40. These employees are similarly situated to Wollenweber because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

41. Arm Automation's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

42. Since, on information and belief, Wollenweber's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

43. All employees of Arm Automation, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All engineers employed by Arm Automation during the last three years.

44. Arm Automation is liable to Wollenweber and the other engineers for the difference between what it actually paid them and what it was legally obligated to pay them.

45. Because Arm Automation knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Wollenweber and the other engineers their unpaid overtime wages for at least the last three years.

46. Arm Automation is liable to Wollenweber and the other engineers in an amount equal to their unpaid overtime wages as liquidated damages.

47. Arm Automation is liable to Wollenweber and the other engineers for their reasonable attorneys' fees and costs.

48. Wollenweber has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

49. Wollenweber demands a trial by jury.

## IX. Prayer

50. Wollenweber prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Wollenweber and the engineers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Wollenweber and the other engineers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF PATRICK WOLLENWEBER**